# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 08-185V
### Filed: April 2, 2013
Not to be Published

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JAMES HOLMES, | * | |
| | * | |
| Petitioner, | * | Interim Attorney Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Richard Gage, Esq., Cheyenne, Wyoming, for petitioner.
Ryan Pyles, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.


## DECISION AWARDING SUPPLEMENTAL INTERIM FEES AND COSTS[1]

**Vowell,** Special Master:

On March 18, 2008, Ms. Christina Loudermilk filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"], on behalf of her then-minor son, James Holmes ["petitioner"]. The petition alleged that the tetanus and diphtheria ["Td"] vaccination James received on August 17, 2005, caused him to suffer two seizures on August 18, 2005, causing a subsequent seizure disorder (epilepsy) and unspecified neurological injuries. Petition, ¶¶ 2-4.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa.

An entitlement hearing was held June 30, 2010. On July 6, 2010, the petition was re-captioned upon oral motion as James had reached the age of majority. The case thereafter proceeded with James as the petitioner.

On January 25, 2011, petitioner filed an application for award of interim attorneys' fees and reimbursement of costs in the amount of $61,523.82. Both respondent's opposition and petitioner's reply brief were filed on February 11, 2011. On February 18, 2011, I met with the parties in an in-person status conference to discuss petitioner's motion.[3] During the status conference, I indicated my intent to grant petitioner's motion in part and allow the parties to reserve certain objections and arguments raised in the filings for the final award of fees and costs in this case. Counsel for both parties indicated they had no objection to this course of action. On February 28, 2011, I awarded petitioner $50,000 for his interim attorney fees and costs and reserved ruling on whether petitioner shall be awarded the remaining $11,523.82 requested his motion. *See* Decision Awarding Interim Fees, issued Feb. 28, 2011.

My decision denying entitlement to compensation was issued on April 26, 2011. Petitioner filed a motion for review on May 26, 2011. Respondent's response was filed June 27, 2011, and oral arguments were held before Judge Wolski on August 4, 2011.

On January 29, 2013, petitioner filed a second interim attorneys' fee and costs application.[4] Petitioner seeks an award of $24,739.55, which represents the $11,523.82 balance from his first interim fee application, $12,515.73 for attorney fees and expenses incurred since January 25, 2011, and $700 for petitioner's costs. Respondent filed her response on February 15, 2013, and petitioner filed his reply on February 22, 2013.

Respondent opposes petitioner's motion because she does not believe the circumstances of the case justify a second interim award. Response at 3-4. Respondent also objects to particular items included in petitioner's request. *Id.* at 5-8. I held a status conference on March 14, 2013 to discuss petitioner's motion and the possibility of reaching an agreement as to the amount of fees.

On April 1, 2013, the parties filed a Stipulation of Fact Concerning Interim Attorney Fees and Costs. Respondent maintains her objection to the awarding of any interim award at this time, but noted that in the event I elect to award interim fees and costs she would not oppose an award of $20,700.00. Stipulation at ¶¶ 3-4. Petitioner agrees to accept $20,700.00 to completely resolve his first and second interim fee applications. *Id.* at ¶ 4. Additionally, petitioner's counsel represents that he will

---

[3] The attorneys for the parties in this case also represent parties in another case pending on my docket, in which we conducted a damages hearing on February 18-19, 2011, in Phoenix, Arizona. A break in those proceedings allowed us to conduct the status conference in the instant case.

[4] Although petitioner's motion for review remains pending before Judge Wolski, pursuant to Vaccine Rules 13(a) and 34(b), petitioner's interim fee motion is assigned to me for consideration.

reimburse petitioner for any personal litigation costs, compensable under the Vaccine Act, which have been incurred to date. *Id.* at ¶ 5.

I find that petitioner is entitled to an award of interim attorney fees and costs under the facts and circumstances of this case. A review of the materials offered in support of the application for interim attorney fees and costs indicates that the agreed amount is reasonable. **Accordingly, I hereby award the total of $20,700.00 in the form of a check payable jointly to petitioner, James Holmes, and petitioner's attorney, Richard Gage, for interim attorney fees and costs.** The clerk of court shall enter judgment accordingly.[5]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Special Master

---

[5] Entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).